**The court incorporates by reference in this paragraph and adopts as the findings and orders of this court the document set forth below. This document was signed electronically on February 12, 2010, which may be different from its entry on the record.**

**IT IS SO ORDERED.**



**Dated: February 12, 2010**

_____
**Arthur I. Harris
United States Bankruptcy Judge**

_____

UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF OHIO

| | | |
|---|---|---|
| In re: | ) | Case No. 09-16122 |
| | ) | |
| ANTHONY OBERAITIS, | ) | Chapter 7 |
|     Debtor. | ) | |
| _____ | ) | |
| LAUREN HELBLING, | ) | Adversary Proceeding |
|     Plaintiff, | ) | No. 09-1292 |
| | ) | |
| v. | ) | Judge Arthur I. Harris |
| | ) | |
| ANTHONY OBERAITIS, *et al.*, | ) | |
|     Defendants. | ) | |
| _____ | ) | |

MEMORANDUM OF OPINION[1]

This matter is currently before the Court on the motion for summary judgment of the plaintiff-trustee, Lauren Helbling, and the brief in opposition of defendant-creditor National City Mortgage Company. At issue is whether the trustee is entitled to avoid a mortgage because the notary's certificate of

_____
[1] This Memorandum of Opinion is not intended for official publication.

acknowledgment failed to recite the name of the party whose signature was acknowledged. For the reasons that follow, the Court holds that the mortgage was not executed in accordance with Ohio's statutory requirements and can be avoided by the trustee. Accordingly, the trustee's motion for summary judgment is granted.

## FACTS AND PROCEDURAL BACKGROUND

On December 3, 2009, the plaintiff-trustee and defendant National City Mortgage Company ("National City") submitted the following stipulations:

1. Jurisdiction of this Court is proper and as set forth in Paragraph 1 of the Complaint.

2. This is a core proceeding as set forth in Paragraph 2 of the Complaint.

3. Plaintiff is the duly appointed, qualified and acting Trustee of the estate of the debtor.

4. A legal description for property known as 5271 West 52nd Street, Parma, OH 44134 is shown as Exhibit A to the Complaint. ("Property").

5. The petition in this case was filed on July 2, 2009.

6. The Debtor's interest in the Property is property of the bankruptcy estate pursuant to 11 U.S.C. § 541.

7. The debtor is the owner, in fee simple of the Property, by virtue of a General Warranty deed filed in Instrument No. 200706111205 of the records of Cuyahoga County, Ohio.

8. National City Mortgage Company is the holder of a mortgage on the Property, from the Debtor. On November 7, 2009, National City Mortgage merged into PNC Mortgage, a division of PNC Bank, N.A. ("PNC Mortgage").

9. The PNC Mortgage lien was filed on June 11, 2007 as Instrument No. 200706111206 in the records of Cuyahoga County, Ohio.

10. A true and exact copy of the PNC Mortgage lien is attached to the Complaint as Exhibit B.

11. The acknowledgment provisions on PNC Mortgage's mortgage reads as follows:

State of Ohio,      County ss:

This instrument was acknowledged before me this *8th* day of *June, 2007* by

My Commission Expires:      /s/ Janet Clegg
Notary Public
Stamp JANET CLEGG

NOTARY PUBLIC
STATE OF OHIO
My Comm. Exp. 4/28/09

3

12. Debtor's initials appear at the bottom of mortgage pages 1 through 13, and page 15.

On September 1, 2009, the trustee of the Chapter 7 estate initiated this adversary proceeding seeking to avoid the mortgage of National City pursuant to section 544(a)(3) of the Bankruptcy Code. The complaint named as defendants the debtor, National City, and the Cuyahoga County Treasurer. National City and the Cuyahoga County Treasurer filed answers to the complaint. On October 27, 2009, the parties entered into an agreed order stipulating that the Cuyahoga County Treasurer had a first lien on the property for real property taxes and assessments. On January 21, 2010, the Court entered default judgment against the debtor. In the meantime, the trustee and National City have completed briefing on the trustee's motion for summary judgment seeking to avoid the mortgage held by National City.

## JURISDICTION

Determinations of the validity, extent, or priority of liens are core proceedings under 28 U.S.C. section 157(b)(2)(K). The Court has jurisdiction over core proceedings under 28 U.S.C. sections 1334 and 157(a) and Local General Order No. 84, entered on July 16, 1984, by the United States District Court for the Northern District of Ohio.

4

## SUMMARY JUDGMENT STANDARD

Federal Rule of Civil Procedure 56(c), as made applicable to bankruptcy proceedings by Bankruptcy Rule 7056, provides that a court shall render summary judgment, if the pleadings, depositions, answers to interrogatories, and admissions on file, together with affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law.

The moving party bears the burden of showing that "there is no genuine issue as to any material fact and that [the moving party] is entitled to judgment as a matter of law." *Jones v. Union County*, 296 F.3d 417, 423 (6th Cir. 2002). *See generally Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986). Once the moving party meets that burden, the nonmoving party "must identify specific facts supported by affidavits, or by depositions, answers to interrogatories, and admissions on file that show there is a genuine issue for trial." *Hall v. Tollett*, 128 F.3d 418, 422 (6th Cir. 1997). *See, e.g., Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 252 (1986) ("The mere existence of a scintilla of evidence in support of the plaintiff's position will be insufficient; there must be evidence on which the jury could reasonably find for the plaintiff."). The Court shall view all evidence in a light most favorable to the nonmoving party when determining the existence or

nonexistence of a material fact. *See Tenn. Dep't of Mental Health & Mental Retardation v. Paul B.*, 88 F.3d 1466, 1472 (6th Cir. 1996).

## DISCUSSION

Under the "strong arm" clause of the Bankruptcy Code, the bankruptcy trustee has the power to avoid transfers that would be avoidable by certain hypothetical parties. *See* 11 U.S.C. § 544(a). Section 544 provides in pertinent part:

> (a) The trustee shall have, as of the commencement of the case, and without regard to any knowledge of the trustee or of any creditor, the rights and powers of, or may avoid any transfer of property of the debtor or any obligation incurred by the debtor that is voidable by –
>
> . . . .
>
> (3) a bona fide purchaser of real property, other than fixtures, from the debtor, against whom applicable law permits such transfer to be perfected, that obtains the status of a bona fide purchaser and has perfected such transfer at the time of the commencement of the case, whether or not such a purchaser exists.

11 U.S.C. §544. Any transfer under section 544 is preserved for the benefit of the estate. *See* 11 U.S.C. § 551.

The mortgage provides that federal law and the law of the jurisdiction in which the property is located will control. Because the real property in question is located in Ohio, the Court will apply Ohio law to determine whether the trustee can avoid the mortgage using the "strong arm" clause. *See Simon v. Chase*

*Manhattan Bank (In re Zaptocky)*, 250 F.3d 1020, 1024 (6th Cir. 2001) (applicable state law governs determination whether hypothetical bona fide purchaser can avoid mortgage).

Under Ohio law, a bona fide purchaser is a purchaser who " 'takes in good faith, for value, and without actual or constructive knowledge of any defect.' " *Stubbins v. Am. Gen. Fin. Serv., Inc. (In re Easter)*, 367 B.R. 608, 612 (Bankr. S.D. Ohio 2007), *quoting Terlecky v. Beneficial Ohio, Inc. (In re Key)*, 292 B.R. 879, 883 (Bankr. S.D. Ohio 2003); *see also Shaker Corlett Land Co. v. Cleveland*, 139 Ohio St. 536 (1942). The Bankruptcy Code expressly provides that a bankruptcy trustee is a bona fide purchaser regardless of actual knowledge. *See In re Zaptocky*, 250 F.3d at 1027 ("actual knowledge does not undermine [trustee's] right to avoid a prior defectively executed mortgage."). Because actual knowledge does not affect the trustee's strong-arm power, the Court need only determine whether the trustee had constructive knowledge of the prior interest held by the defendant National City.

Ohio law provides that "an improperly executed mortgage does not put a subsequent bona fide purchaser on constructive notice." *Zaptocky*, 250 F.3d at 1028. Ohio courts have refused to allow a recorded mortgage to give constructive notice when the mortgage has been executed in violation of a statute.

7

*See In re Nowak*, 104 Ohio St. 3d 466, 469 (2004) (listing cases). The key question, then, is whether the mortgage was executed in compliance with, or substantially conforms to applicable statutory law.

*The Mortgage Was Not Properly Executed
in Accordance with Ohio Revised Code § 5301.01*

Ohio Revised Code § 5301.01, requires four separate acts to properly execute a mortgage: (1) the mortgage shall be signed by the mortgagor; (2) the mortgagor shall acknowledge his signing in front of a notary public, or other qualified official; (3) the official shall certify the acknowledgment; and (4) the official shall subscribe his name to the certificate of acknowledgment. Ohio Rev. Code § 5301.01(A) (2004); *see Drown v. GreenPoint Mortgage Funding, Inc.* (*In re Leahy*), 376 B.R. 826, 832 (Bankr. S.D. Ohio 2007) (listing four requirements provided by Ohio Rev. Code. § 5301.01).[2] At issue in this case is whether the certificate of acknowledgment, which omitted the name of the

---

[2] In *Zaptocky*, the Sixth Circuit identified "three major prerequisites for the proper execution of a mortgage: (1) the mortgagor must sign the mortgage deed; (2) the mortgagor's signature must be attested by two witnesses; and (3) the mortgagor's signature must be acknowledged or certified by a notary public." *Zaptocky*, 250 F.3d at 1024. The differences between *Zaptocky's* three requirements and *Leahy's* four requirements are (A) the deletion in *Leahy* of *Zaptocky's* second requirement – attestation by two witnesses – due to a change in the statute, and (B) the *Leahy* court's breaking down of *Zaptocky's* third requirement – certification of acknowledgment – into three separate parts.

8

borrower, satisfies the third requirement to proper execution of a mortgage.

Certification of an acknowledgment is governed by Ohio Revised Code sections 147.53-147.58. Ohio Revised Code section 147.53 provides:

The person taking an acknowledgment shall certify that:

(A) The person acknowledging appeared before him and acknowledged he executed the instrument;

(B) The person acknowledging was known to the person taking the acknowledgment, or that the person taking the acknowledgment had satisfactory evidence that the person acknowledging was the person described in and who executed the instrument.

The Ohio Revised Code further provides that a certificate of acknowledgment is acceptable in Ohio if it is in a form prescribed by the laws or regulations of Ohio or contains the words "acknowledged before me," or their substantial equivalent. Ohio Rev. Code § 147.54. Ohio's statutory short form acknowledgment for an individual is as follows:

State of _____

County of _____

The foregoing instrument was acknowledged before me this (date) by

(name of person acknowledged.)

(Signature of person taking acknowledgment)

(Title or rank) (Serial number, if any)

9

Ohio Rev. Code § 147.55(A).

The trustee argues that the mortgage was improperly recorded because the certification of acknowledgment clause does not conform to section 5301.01 of the Ohio Revised Code. Specifically, the trustee asserts that the clause fails to identify the name of the party who acknowledged his own signature. The Court agrees. Recent case law, including a 2008 decision from the Sixth Circuit BAP, supports the trustee's position that an acknowledgment is defective if it fails to identify the person whose signature is being acknowledged. See *In re Nolan*, 383 B.R. 391, 396 (6th Cir. B.A.P. 2008); *In re Sauer*, 417 B.R. 523, (Bankr. S.D. Ohio 2009); *Daneman v. Nat'l City Mortg. Co. (In re Cornelius)*, 408 B.R. 704, 708 (Bankr. S.D. Ohio 2009) ("The absence of the name of the mortgagee acknowledging election is the functional equivalent of no certificate of acknowledgment and renders an acknowledgment insufficient."); *Drown v. Coutrywide Home Loans, Inc. (In re Peed)*, 403 B.R. 525, 531 (Bankr. S.D. Ohio 2009) *appeal docketed* No. 2:09cv347 (S.D. Ohio May 1, 2009); *Terlecky v. Countrywide Home Loans, Inc. (In re Baruch)*, No. 07-57212, Adv. No. 08-2069, 2009 Bankr. Lexis 608 at *22 (Bankr. S.D. Ohio Feb. 23, 2009) ("An acknowledgment clause containing nothing relative to the mortgagor's identity is insufficient; rather, an acknowledgment clause must either identify the mortgagor

by name or contain information that permits the mortgagor to be identified by reference to the mortgage."); *In re Leahy*, 376 B.R. at 832. *Accord Bank of America, N.A., v. Corzin (In re Bergman),* Case No. 5:09cv2520 (N.D. Ohio Feb. 2, 2010) (affirming bankruptcy court's decision allowing trustee to avoid mortgage containing blank acknowledgment clause). *See also Smith's Lessee v. Hunt*, 13 Ohio 260, 269 (1844) (holding that court was unable to infer name of grantor when acknowledgment was blank as to the grantor and, thus, the mortgage was defective and did not convey title).

The holdings in *Nolan*, *Smith's Lessee*, and similar cases are also supported by case law interpreting almost identical statutory provisions for acknowledgment clauses in Kentucky and Tennessee. *See, e.g., Gregory v. Ocwen Fed. Bank (In re Biggs)*, 377 F.3d 515 (6th Cir. 2004) (affirming bankruptcy court's decision avoiding deed of trust under section 544 and Tennessee law when deed of trust omitted names of acknowledging parties); *Select Portfolio Servs. v. Burden (In re Trujillo)*, 378 B.R. 526 (6th Cir. B.A.P. 2007) (affirming bankruptcy court's decision avoiding mortgage under section 544 and Kentucky law when debtor was not named or identified in certificate of acknowledgment).

Nor did the execution of the mortgage "substantially comply" with the statutory requirements. When the validity of a mortgage is challenged for failure

11

to comply with the statutory mandates of Ohio Revised Code section 5301.01, a court can "review the nature of the error and the balance of the document to determine whether or not the 'instrument supplies within itself the means of making the correction.' " *Menninger v. First Franklin Fin. Corp. (In re Fryman)*, 314 B.R. 137, 138 (Bankr. S.D. Ohio 2004) (quoting *Dodd v. Bartholomew*, 44 Ohio St. 171, 176 (1886)). This principle enunciated by the *Dodd* court essentially allows a court to determine whether the execution of a mortgage is in "substantial compliance" with section 5301.01. *See In re Fryman*, 314 B.R. at 138. Under Ohio law, a mortgage that substantially complies with section 5301.01 will be considered valid. *See Drown v. EverHome Mortg. Co. (In re Andrews)*, 404 B.R. 275, 279 (Bankr. S.D. Ohio 2008) (citing *Mid-American Nat'l Bank & Trust*, 451 N.E.2d 1243, 1245-46 ) (Ohio Ct. App. 1982)).

    In the present case, although the debtor initialed each page of the mortgage, the Court does not accept the argument that this is enough to constitute substantial compliance with section 5301.01. *See In re Peed*, 403 B.R. at 534-36 (presence of initials on each page of mortgage, including acknowledgment clause page, and notary's service as witness to mortgage execution did not substantially comply with requirement that acknowledgment clause identify person whose signature is

12

being acknowledged); *accord Bank of America v. Corzin*, Case No. 5:09cv2520 at *16-20; *In re Cornelius*, 408 B.R. at 708; *In re Andrews*, 404 B.R. at 279. Moreover, unlike the acknowledgment clause in *Fryman*, which contained the recitation "that 'they' examined, read, and signed the instrument of 'their' free act and deed," with the plural pronouns "they" and "their" handwritten in by the notary, 314 B.R. at 138, the acknowledgment clause in the present case simply recites that the "instrument was acknowledged before me [this 8th day of June 2007] by [blank]."

Nor is the mortgage defect in the present case akin to the one this Court addressed in *Helbling v. Zabor (In re Zabor)*, 2009 WL 2256911, No. 08-15564, Adv. No. 08-1312, (Bankr. N.D. Ohio July 22, 2009). In *Zabor*, this Court found substantial compliance with section 5301.01 where the only defect was a missing date in the acknowledgment clause and the debtor's signature and date of execution appeared directly above the acknowledgment clause. Rather, the Court agrees with the analysis of Senior U.S. District Judge David D. Dowd, Jr., in *Bank of America v. Corzin*, that a blank acknowledgment clause with the debtors' initials on the same page does not constitute substantial compliance with section 5301.01. *See Bank of America v. Corzin*, Case No. 5:09cv2520 at*16-20.

Therefore, the mortgage was improperly executed because the certification

of acknowledgment failed to indicate who appeared before the notary public as required under Ohio Revised Code section 5301.01. The trustee is not charged with constructive notice of the mortgage between the debtor and National City.

## CONCLUSION

For the reasons stated above, the Court holds that the certificate of acknowledgment is defective and the trustee can avoid the mortgage held by National City. Accordingly, the trustee's motion for summary judgment is granted. Each party shall bear its own costs and attorney's fees.

IT IS SO ORDERED.